### WABASH RY. CO. v. LAMBOY.*

(Circuit Court of Appeals, Eighth Circuit. May 1, 1924.)

No. 6430.

1. **Master and servant ⬅286(5)—Negligence in obstructing railroad shop track held for jury.**

Whether railroad was negligent, under Rev. St. Mo. 1919, § 4226 et seq., in placing broken wheel near track in repair shop, *held* for jury.

2. **Master and servant ⬅219(3)—Risk of injury from wheel near track held not assumed by railroad shop laborer.**

A laborer pushing drivewheels on track in repair shop of railroad, *held* not to have assumed risk of injury from broken wheel, jacked up near track; it being necessary for him to keep his head on inside of wheels.

3. **Appeal and error ⬅173(13)—Question of contributory negligence, first raised on appeal, not considered.**

Where no request covering contributory negligence was submitted, and court gave an instruction on its own motion, to which no exception was taken, any claim that judgment for plaintiff should be reversed because of such negligence raises a new issue, that cannot be considered.

4. **Negligence ⬅122(1)—Contributory negligence affirmative defense.**

Contributory negligence is an affirmative defense.

5. **Master and servant ⬅180(1)—Railroad employee not liable for negligence of fellow employees.**

An employee of a railroad in Missouri is not liable for negligence of fellow employees, in view of Rev. St. Mo. 1919, § 4226.

6. **Damages ⬅166(1), 173(1)—Evidence of physician that injured person could not follow any avocation requiring him to stand upon a wooden leg competent.**

Testimony of physician that injured servant, by reason of loss of his leg, could not follow any avocation requiring him to stand on a wooden leg, was competent on questions of permanent injuries and future earning power; evidence showing that leg had been cut off so short that it was difficult to affix an artificial limb.

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Action by Jesse A. Lamboy against the Wabash Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Homer Hall, of St. Louis, Mo. (M. J. Lilly, of Moberly, Mo., and Mahan, Mahan & Fuller, of Hannibal, Mo., on the brief), for plaintiff in error.

Aubrey R Hammett and Redick O'Bryan, both of Moberly, Mo., for defendant in error.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied August 11, 1924.

Before LEWIS, Circuit Judge, and BOOTH and SYMES, District Judges.

SYMES, District Judge. The parties will be referred to as in the court below. This suit was originally begun in the circuit court of the state of Missouri, but was removed on the sole ground of diversity of citizenship.

The defendant, Wabash Railway Company, operates a railroad system in Missouri and adjoining states, and has large repair shops at Moberly, Mo. One of the larger buildings was known as the back shop, where engines and other equipment were knocked down and repaired. A track known as the machine or main track ran north and south through this building, and on the east side, at right angles thereto, were ten parallel tracks, coming into the building and extending up to this machine track. These were numbered consecutively from 1 to 10. Engines in various stages of repair were on these tracks, and different parts, such as wheels, etc., had been taken off and scattered around the building, so that the necessary operations could be performed upon them. About 75 men were employed in this particular shop, under a foreman by the name of Rice.

On the day of the accident that is the subject of this suit, the plaintiff, Lamboy, was employed in this shop as a laborer, under Foreman Rice, and with two or three other men was directed to take a pair of heavy drivewheels, standing on the machine track near track No. 10, and roll them south. The operation necessitated the men getting behind the wheels, bending over, taking hold of the spokes, and pulling up, in this way moving the wheels by main force. Lamboy was immediately behind the east one of the pair of wheels, with his head on the inside, so as to avoid being hit by the crank pin on the outside of the wheel. This pin projected out about 16 inches. There was an engine standing on the next track, the pilot of which had been removed. The pilot beam of this engine was very close to the east rail of this machine track. A few feet south of this engine, and on the same side of the machine track, there had been placed a single drive wheel 6 feet high, with a broken axle attached, about 4 feet 8 inches in length. The wheel was standing upright at right angles and close to the machine track; the end of this broken axle resting upon a wooden block 18 inches above the floor. The axle was thus parallel with the machine track, upon which Lamboy and the gang were moving the wheels as aforesaid. Foreman Rice was either pushing upon the wheel, or superintending the operation from a position to the west of the pair of wheels. As they started them, Lamboy and one other witness say that Lamboy looked south along the east side of his wheel, to see if the crank pin would clear the head beam of the engine on track 9. He also gave warning to two fellow employees, who were standing just beyond this engine. The gang continued to roll the wheels to the south, past the head beam of the engine aforesaid, which the crank pin just cleared. As they proceeded on this projecting pin struck the flange or edge of the drivewheel, located at the side of the track as aforesaid, so that it spun around in such a manner as to cause the axle to crush Lamboy's right leg against the wheel he was rolling. The blow badly

crushed the leg, necessitating one or more operations, and an amputation just below the hip. He brings this action for damages.

Plaintiff's petition alleges that other employees of the railroad company had negligently and carelessly placed this single drivewheel with the axle resting on a block 18 inches high, in such a position that it was too close to the machine track to permit a clearance of the crank pin on the wheel that Lamboy and others were moving. He alleges that in doing his work he exercised reasonable care for his own safety and performed the work in the usual and customary manner.

The answer, after denying the material allegations in the petition, alleges that the injuries were the result of Lamboy's own carelessness, in failing to ascertain whether the wheel he was pushing would pass the wheel on the floor, and in failing to observe that the latter was too close to the track upon which the wheels were being rolled to permit a clearance, and that he was guilty of negligence in the way he was doing the work. It further alleges that the injuries were incident to the work in which plaintiff was engaged, and that he assumed the risk thereof as part of his employment.

At the close of plaintiff's case, and also at the end of the case, the defendant requested the court to direct a verdict in its favor. This was denied, and the jury returned a verdict for plaintiff, and we are asked to review it.

The defendant asked the court to charge the jury that, if they believed from the evidence that the work was being done in the manner usual and customary in the defendant's shop, and that if, in the performance of such work, materials and parts of engines were placed in proximity to the track on which the wheels were being rolled, and that they rolled against the wheel on the floor, and the plaintiff was injured as the result thereof, then the injuries were incident to the performance of the work in which the plaintiff was engaged, and he assumed the risk. This was refused and exceptions taken.

The court, after reciting the facts, instructed the jury that the case turned upon the question whether or not the defendant negligently placed the single drivewheel and the axle in such close proximity to the track as to come in contact with the crank pin, and thereby cause the injury complained of; that the plaintiff had based his case upon certain specific allegations of negligence, and that it was his duty to sustain the burden thereof; and called attention to the defense set up, to wit, contributory negligence, and gave a proper instruction thereon. The plaintiff in error in its brief argues that the question of chief importance is presented by the assignment that the court erred in refusing to direct a verdict in its favor: First, because no negligence of defendant was proven as alleged; secondly, that the plaintiff assumed the risk of injury; and, thirdly, plaintiff was guilty of contributory negligence.

[1] Adverting to the first point: The loose wheel and axle were placed alongside of the track by other employees of the defendant in the course of the work that was being carried on in this shop. This process is described by the defendant's master mechanic, Smith, who stated that this particular axle and wheel was to be taken to the wheel

press on the other side of the machine track, and that it was placed where it was in order that it could be picked up by the over head crane. The evidence does not establish that it was necessary to so place it that it would not clear wheels, etc., passing on the machine track. The evidence does show that there was sufficient space there so that this wheel and axle could have been placed close to the track, and yet not so close as to cause the accident. The statutes of Missouri (section 4226 and following, Rev. Stats. of Missouri, 1919) specifically provide that every railroad corporation owning or operating a railroad in the state shall be liable for damages sustained by an agent or servant, caused by the negligence of a fellow employee. It was a question for the jury to say whether defendant was guilty of negligence.

[2] The second point challenges the correctness of the court's ruling on instruction No. 5 requested by the defendant and refused. If the placing of the wheel, blocked up as it was in close proximity to the machine track, so that the crank pin would hit it—an operation that Lamboy had nothing to do with—was a risk assumed by him, the court erred; otherwise, its ruling was correct. We take the latter view, because the jury evidently believed the plaintiff's testimony, which was that he looked before he started pushing on the wheel, but could not see very far because his view was obstructed by the engine that stood upon track No. 9, very close to the machine track. That he did make an observation is shown by the fact that he warned two fellow employees to get out of the way. After that it was necessary for him to keep his head on the inside of the wheel, for reasons already stated. Further, the foreman, who was directing the operation, was in a better position to observe and give warning of any obvious danger; assuming, for discussion only, that it was the duty of Lamboy, or any one of the particular gang he was working with, to notice the position of the wheel at their risk.

[3-5] The third point raises the question of contributory negligence. No request covering this was submitted, but the court gave one on its own motion, to which no exception was taken; so it is a new issue, and cannot be considered. Contributory negligence is an affirmative defense, but evidently was not established to the satisfaction of the jury. In spite of the verdict the defendant asks us to say in effect that Lamboy should have known that the loose wheel and axle were dangerously near the track on which he was working, and that he should as a matter of law be familiar with every operation taking place in a shop as large as this one. It is, in fact, an insistence that plaintiff is liable for the negligence of his fellow employees, notwithstanding the local statute. Even though this wheel was placed too close, it would not have caused this accident had the end of the axle not been blocked up, so that the wheel was really resting on a pivot. In this position it did not take much of a blow to make it spin around. It was therefore an unusual and dangerous risk to those working in proximity to it, and consequently defendant was required to exercise a corresponding degree of care to see that no accident resulted. This disposes of the main contentions urged on this writ of error.

[6] Another point raised is that the court improperly allowed a physician to testify that the plaintiff, by reason of the loss of his leg, could

not follow any avocation requiring him to stand upon a wooden leg. The evidence clearly showed that Lamboy's leg had been cut off so short that it was very difficult to affix an artificial limb to the stump in such a way as to give him much use of it. The evidence was therefore clearly competent upon the question of permanent injuries and his future earning power.

We have discussed the points urged by plaintiff in error at greater length than is required, owing to its failure to comply with the rules of this court in all respects.

The judgment is affirmed.